UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEILON BRIGGS

CA 06 467 T

CA:

vs.

A.T. WALL,

JOSEPH G. FORGUE,

LT. VIVEROUS, ET AL.

CIVIL RIGHTS COMPLAINT

This is a Civil Action filed pursuant to 42 USCA 1983 by the Plaintiff, Keilon Briggs ,an Inmate at the Adults Correctional Institutions,in Cranston,Rhode Island ,alleging violation of his Constitutional rights by the named Defendants.The Plaintiff is seeking Declaratory Judgement,Compensatory and Punitive damages and Injunctive relief.The Plaintiff seeks a trail by Judge.

JURISDICTION

1.This is a Civil rights action pursuant to 42 USCA 1983. This Court has jurisdiction under 28 USCA 1331 and 1343(3). The Plaintiff also invokes the pendent jurisdiction of this Court to decide and hear matters relating to state law,as well as claims relating to policies and practices of the Rhode Island Department of Corrections.

PARTIES

2.The Plaintiff is an incarcerated inmate at the Adults Correctional Institutions in Cranston,Rhode Island.He is presently housed and classified to the Medium One (1) facility.

3.Defendant A.T.WALL is the Director of Corrections at the Adults Correctional Institutions,in Cranston,Rhode Island.He is sued in his individual capacity.

4.Defendant Jake Gadsen is the Associate Director of the Medium 1 facility at the Adults Correctional Institutions in Cranston, Rhode Island.He is sued in his individual capacity.

5.Defendant Lt. Viverous ,is the Day Captain at the Minimum Sec. Facility of the Adults Correctional Institutions ,in Cranston,Rhode Island,they both are sued in their individual capacity.

6. Defendants A.T. Wall, Joseph G. Forgue, and Lt. Viverous, et al.
________________, are Correctional Officer at the Medium 1 (min) Security facility on the day shift, at the Adults Correctional Institutions, in Cranston, Rhode Island, they are sued in their individual capacity.

7. All Defendants have acted under color of state law at all times revevant to this complaint.

## FACTS

8. On the 22nd day of April, 2005 Plaintiff, Keilon Briggs, was transferred from Medium Security #1, Cranston, Rhode Island, to the Minimum Security, Cranston, Rhode Island, both facilities are under the control of Director Ashbel T. Wall, in compliance with Rhode General Laws 42-56-10--Powers of director, Ashbel T. Wall is the Director of Rhode Island Department of Corrections.

9. On the 30th day of June, 2005 Plaintiff, Keilon Briggs, was placed in segregation, detained under investigation, the whole process was in violation of the Morris Rules, and Plaintiff due process rights under the Fourteenth Amendment have been violated of the Rhode Island and Federal Constitution.

10. On the 8th day of July, 2005 formal charges have been sanstioned against Plaintiff, Keilon Briggs, without substantive evidence to prove, warrant, or impose such sanctions.

11. On the 11th day of July, 2005 Disciplinary Hearing was held in Medium Security, by Lt. Viverous, of Minimum Security, who held the disciplinary board, and made sanctions imposed upon Plaintiff, Keilon Briggs.

12. The relevent facts are that, no substantive evidence was produced, Plaintiff was not even in Minimum Security at time of alleged assault, denied the right to produce witnesses, and the right to confront witnesses.

13. That on the 11th day of July, 2005, Lt. Viverious stated that Plaintiff was guilty by association, even though Plaintiff continued to claim his innocience, clearly letting it be known that the Plaintiff, Keilon Briggs, was not a resident of Minimum , at the time of alleged assault, and there was no victims that ever came forward.

14. Investigator Forgue then ask Plaintiff, Keilon Briggs to give information to get of his situation, which is odd considering Investigator Forgue got witnesses (informants) that are going to testify in court on the Plaintiff, Keilon Briggs, and yet charges have never been brought up in this matter.

15. PURSUANT TO DOC POLICY : Investigator Forgue, was in violation of R.I.D.O.C. Policy:3-14-5, II. Policy: Director A.T. Wall, is responsible to make and enforce rules of safety. II. Policy 8. III. Procedures: A. Statutory Requirements:

Investigator Forgue, was in dereliction of duty, by failing to provide security, and proper investigation, therefore the neglect of a thorough proper investigation led to cruel and unusual punishment. This is an Eighth Amendment violation of the United States Constitution.

16. R.I.DOC Policy: **3-14-1 DOC**; are as follows:

III. Procedures:

D. Rules and Regulations

a. Civil Rights of Offenders

(1) Staff shall protect the civil and legal rights of each member of the offender population.

d. Provision of Information

An employee must provide timely, accurate, and complete information relating to Department Operations when required by a supervisor or Directors designee.

C. Dereliction of Duty

(3) Failure to follow policies, procedures, protocols, and post orders.

Defendant Forgue failed to follow the Morris Rules of Investigation;

Disciplinary Procedures

Procedural outline for disciplinary action;

Five mandatory steps:

(1) Written charge by reporting officer or employee

(2) Investigation and review by superior officer

(3) Hearing before disciplinary board

(4) Administrative review

(5) Record

II. Investigation By A Superior Officer

A. The reporting officer or employee must submit a written report of a charge to a Superior officer as soon as possible after the alleged violation occurs.

C. The Superior officer shall conduct a preliminary investigation of the matter without unnecessary delay. The investigation will include interviews with the reporting employee, the inmate charged, and any other employee or inmates indicated.

D. The Superior officer shall make a written summary of his investigation including the result of his interviews and a notation of notice to the inmate. He shall sign and submit a full report to the associate director of the facility in which the infraction occurs. A copy of the disciplinary report filed by the superior officer should be given to the inmate prior to any disciplinary hearing together with the notice required in subsection F Infra.

F. The assigned classification counselor will provide the inmate with a copy of the notice he has recieved concerning the hearing. Notice of the hearing must be transmitted to the inmate in a sufficient period of time prior to the hearing to give the inmate an opportunity to prepare a defense.

H. Only a duly authorized disciplinary board has power to issue punishment to inmates, including those in the behavioral conditiobing unit, except as indicated in section I, paragraph A (1) above.

III. The Hearing Before The Disciplinary Board

A. The disciplinary board shall consist of three members.

(4) If the inmate thinks the charge against him is untrue (in whole or in part), he may present information available to him and others. Said presentation shall include the right to call a reasonable number of witnesses, both advesre and favorable and examine said witnesses.

(5) Said person shall assist him in the presentation of the case.

(8) A board decision must be based upon substantial evidence

The Disciplinary Record

D. Substantial Evidence. A determination of the disciplinary board must be based upon substantial evidence manifested in the record of the disciplinary proceedings.

E. If any of the facts establish that the board made a determination based upon information obtained from unidentified informant, then the record must (1) contain some factual information from which the board can reasonably conclud that the inmate reliable, including independant corroborating material and (2) establish that the informant spoke with personal knowledge of the matters contained in such statements.

CLAIMS

FIRST CAUSE OF ACTION

Fourteenth Amendment violation of the United States Constitution, when the named Defendants denied Plaintiff his right to due process.

Eighth Amendment violation of the United States Constitution , when the Defendants named in complaint put Plaintiff through creul and unusual punishment.

SECOND CAUSE OF ACTION

First Amendment violation of the United States Constitution when the named Defendants within complaint denied Plaintiff his First Amend. Right to religious practice, and visits with clergy, and freedom as other general population inmates.

## THIRD CAUSE OF ACTION

Plaintiff was denied life and liberty freedom without his Fourteenth Amendment Right to Due Process being granted in the form of: Denied visitation with family, friends, clergy, and had fabricated reports filed, that resulted in Constitutional Rights being violated.

## FOURTH CAUSE OF ACTION

Leiberty was violated when Rhode Island Parole Board denied parole due to misrepresentation of reports by named within Defendants, that violated the First Amend., Fourteenth Amend. of the United States Constitution.

## RELIEF

Wherefore, the Plaintiff request that this Honorable Court enter the following relief;

A. Issue Declaratory relief against the named Defendants, stating that they did in fact violate the Plaintiff's right to be free of cruel and unusual punishment, by Plaintiff being confined in segregation/isolation for eight months.

B. Issue an injunction against the Defendants ordering them to comply with established procedures and policy and act upon the Policy and Code of Ethics that governs the R.I.D.O.C. and correct the injustice put upon the Plaintiff.

C. Grant compensatory damages in the amout of hundred thousand dollors $100.000 for liberty of freedom that was taken and suffering due to the unjustified segregation and isolation.

D. Grant punitive damages in the amount of two hundred thousand dollors $200.000 against each of the named Defendants.

E. Grant any and all other relief that the Plaintiff might be entitled to under the law.

Submitted by:

Keilon Briggs

Keilon Briggs

P.O. Box 8274
Cranston, R.I. 02920

I declare under the penalty of perjury that the within above information is true facts, and that my United States Constitutional Rights stated have been violated. I, Keilon Briggs, signed the bottom of this document under oath and the penalty of perjury and with full knowledged that I can be in prisoned for perjury.

Keilon Briggs

Signed under the penalty of purjury.