UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEILON BRIGGS

v. C. A. NO. 06-467 T

A. T. WALL and JOSEPH FORGUE

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Now come the Defendants A. T. Wall, Jake Gadsden and Joseph Forgue and make a special appearance, by and through their Counsel, for the exclusive purpose of objecting to Plaintiff's motion for entry of default as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the10th day of August, 2007, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion for Entry of Default and accompanying Memorandum to Keilon Briggs, P. O. Box 8274, Cranston, Rhode Island 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEILON BRIGGS

v. C. A. NO. 06-467 T

A. T. WALL and JOSEPH FORGUE

MEMORANDUM

Plaintiff, in January 2007, by U. S. Postal Service, mailed a copy of the complaint as well as a summons to Director A. T. Wall's office at 40 Howard Avenue, Cranston, Rhode Island 02920. The mailing package included a summons and complaint addressed to Director Wall, Lieutenant Viveiros (no longer employed with the R. I. Department of Corrections), and Joseph Forgue. Also enclosed in the mailing package was a request for waiver of service for all three (3) Defendants. Plaintiff's motion should be denied based on the following.

Plaintiff's attempt to properly serve all three (3) Defendants by mailing a copy of the complaint to Defendant Wall's office is insufficient to entitle Plaintiff to entry of default. In the instant case, the Plaintiff mailed a complaint, summons and waiver form for each of the three (3) Defendants directly to Defendant A. T. Wall, II. Plaintiff failed to follow provision F.R.Civ.P. 4 wherein he is required to either mail or have formally served the complaint and other documents directly to each Defendant. At the time that Plaintiff mailed the pleading to Director Wall, Lt. Viveiros was no longer employed with the R. I. Department of Corrections, and Mr. Forgue was out of the country engaged in active military service.

Federal Rule of Civil Procedure 4(c)(1) and 4c)(2) states in pertinent part:

> 4(c)(1) "A summons shall be served together with a copy of the complaint. The Plaintiff is responsible for service of a summons and complaint within the time allowed under Subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."
>
> 4(c)(2) "At the request of the Plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specifically appointed by the Court for that purpose."

Additionally, Federal Rule of Civil Procedure 4(m) requires that service be made upon Defendants within 120 days after the filing of the complaint, or the action is subject to dismissal. Plaintiff has failed to timely serve the Defendants under Federal Rule of Civil Procedure 4(m).

Finally, the mailing that was sent by Plaintiff to Director Wall did not contain any documents directed at defendant Gadsden, and the undersigned is unaware of any service, formal or informal, made upon said defendant.

Accordingly, in light of the fact that the Plaintiff has failed to properly serve the Defendants, his motion for entry of default should be denied.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864