UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEILON BRIGGS | : | |
| | : | |
| v. | : | C.A. No. 06-467T |
| | : | |
| A.T. WALL, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter comes before the Court on Plaintiff's Motion for Entry of Default (Document No. 4) filed pursuant to Fed. R. Civ. P. 55. Plaintiff claims that default should enter because Defendants failed to timely return the request for waiver of service sent to them pursuant to Fed. R. Civ. P. 4(d)(2). This Motion has been referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). For the reasons stated below, I recommend that the District Court DENY Plaintiff's Motion for Entry of Default.

**Background**

On October 26, 2006, Plaintiff Keilon Briggs, an Inmate at the Adult Correctional Institution (ACI) in Cranston, Rhode Island, filed a Complaint pursuant to 42 U.S.C. § 1983 challenging a prison disciplinary proceeding and its resulting punishment. The following Defendants are named: (1) A.T. Wall, the Director of the Rhode Island Department of Corrections, in his individual capacity; (2) Jack Gadsen, ACI Assistant Director, in his individual capacity; (3) Lieutenant Viveiros, a former Day Captain at the Minimum Security facility, in his individual capacity; and (4) Joseph Forgue, an ACI investigator, in his individual capacity.

In January 2007, in an attempt to serve Defendants within the 120 days provided for in Rule 4(m), Plaintiff first mailed copies of the summons, complaint and waiver of service to the Office of the ACI Deputy Chief Legal Counsel, Michael B. Grant. On January 9, 2007, Mr. Grant sent a letter to Plaintiff informing him that mailing the documents to his office was not acceptable service. See Document No. 4, Ex. 5. In this letter, Mr. Grant referred Plaintiff to Fed. R. Civ. P. 4 for the proper procedure and specifically informed Plaintiff that each Defendant must be individually served with the documents. Id.

Plaintiff then mailed the same package, again containing the documents for all four Defendants, to the office of Defendant Wall. See Document No. 4, Ex. 8. The single package, however, included the documents for each of the four Defendants, and thus, each Defendant was not individually provided with the documents.

Ms. Patricia Coyne-Fague, the ACI Chief Legal Counsel, returned the unsigned documents to Plaintiff on February 23, 2007. See Document No. 4, Ex. 6. On February 27, 2007, Plaintiff attempted to file the unsigned waiver requests with the Court as proof of service. See Document No. 4, Ex. 1. On July 23, 2007, Plaintiff filed the pending Motion for Entry of Default pursuant to Fed. R. Civ. P. 55.

**Discussion**

Plaintiff argues that his Motion for Entry of Default should be granted because the Defendants failed to acknowledge or return the request for waiver of service. Plaintiff apparently contends that he served the request for waiver on each Defendant when he sent the documents to the offices of Defendant Wall and Mr. Grant. See Document No. 4, Ex. 8.

When a plaintiff commences a civil action by filing a complaint with the court, the plaintiff is responsible for service of the summons and complaint on each of the named defendants. See Fed. R. Civ. P. 4(c)(1). A plaintiff must properly serve, on each defendant, the summons and complaint within 120 days after filing of the complaint. See Fed. R. Civ. P. 4(c)(1) and (m).

A plaintiff who wishes to avoid the requirements of formal service of process may request that the defendant waive service pursuant to Fed. R. Civ. P. 4(d). The defendant is not required to consent to such a waiver, and the 120-day period for completing service does not toll while the defendant considers whether to waive service. See Dellosantos v. Cornell Corrections, Inc., C.A. No. 04-2695, 2006 WL 2583441 at *2 (D.R.I. August 30, 2006). Accordingly, Fed. R. Civ. P. 4 provides that in a situation where the defendant fails to agree with, or respond to, the request for waiver, the plaintiff is still required to serve the defendant within the requisite time. Fed. R. Civ. P. 4(d)(2). In this situation, however, a court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for failure to waive is shown. Id.

Thus, arguing that default should enter against Defendants because they failed to timely respond to a request for waiver of service is unpersuasive. Although it is unclear whether the waiver request was properly provided to each Defendant, it is clear that none of the Defendants agreed to waive service. Thus, Plaintiff still had the duty to properly serve each Defendant in accordance with Fed. R. Civ. P. 4. Rule 4 requires a plaintiff to serve each individual defendant from whom a waiver has not been obtained and outlines the proper methods for effectuating such service. See Fed. R. Civ. P. 4(e). In the case at bar, Plaintiff has apparently failed to serve each Defendant, as he has not filed proof of service as required by Fed. R. Civ. P. 4(1).

Under Fed. R. Civ. P. 55(a), when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Because Plaintiff has not filed proof of proper service as required by the Federal Rules of Civil Procedure or established proper service by affidavit or otherwise, he is not entitled to entry of default under Fed. R. Civ. P. 55(a). See Fed. R. Civ. P. 4(e) and (1). After Plaintiff failed to receive signed copies of the waivers sent to Mr. Grant, he does not allege that he subsequently served each Defendant individually but instead indicates he sent the requests for waiver to the office of Defendant Wall. He does not assert that any of the Defendants signed a waiver of service and, as noted above, has not otherwise shown the Court that any of Defendants have been properly served.

In addition, in a letter to the Clerk of Court, which is included as Exhibit 8 to Plaintiff's Motion for Entry of Default, Plaintiff explains to the Clerk how his attempts to serve Defendants have failed and asks the Court to serve Defendants or inform him of another alternative to resolve the matter. However, as stated, it is Plaintiff's obligation, and not the job of the Court, to serve Defendants timely and properly. See Cooley v. Cornell Corrections, 220 F.R.D. 171, 172 (D.R.I. 2004).

Finally, Plaintiff argues that because he is proceeding pro se, the Court should construe his Complaint liberally according to Haines v. Kerner, 404 U.S. 519 (1972). The Court has read Plaintiff's papers liberally, but Plaintiff's pro se status does not excuse his compliance with procedural or substantive law. See Femino v. NFA Corp., C.A. No. 06-143ML, 2007 WL 2012396 at *2 (D.R.I. June 6, 2007). See also McKaskle v. Wiggins, 465 U.S. 168, 183-184 (1984)

(explaining that courts need not "take over chores for a pro se defendant that would normally be attended to be trained counsel as a matter of course").

**Conclusion**

For the reasons set forth above, I recommend that Plaintiff's Motion for Entry of Default (Document No. 4) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 6, 2007