UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEILON BRIGGS

V. C. A. NO. 06-467 T

A. T. WALL, II, ET AL

**DEFENDANT A. T. WALL, II MOTION TO DISMISS**

Now comes Defendant A. T. Wall, II and hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of the instant complaint as and for the reasons proffered in the accompanying Memorandum.

DEFENDANT,
By His Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 18th day of October, 2007, I mailed a true copy of the within Defendant A. T. Wall, II motion to dismiss and accompanying Memorandum to Keilon Briggs, P. O. Box 8274, Cranston, R. I. 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEILON BRIGGS

V. C. A. NO. 06-467 T

A. T. WALL, II, ET AL

**MEMORANDUM**

Plaintiff brought the instant action against A. T. Wall, II, Director of the Rhode Island Department of Corrections pursuant to 42 U.S.C. § 1983. Plaintiff has also brought this action against Jake Gadsden, Assistant Director of Institutions and Operations, Joseph Forgue, Investigator in the Special Investigations Unit and Lt. Viveiros. Only Defendant A. T. Wall has, in fact, been served with the complaint.

Plaintiff alleges that on April 22, 2005, he was transferred from Medium Security to Minimum Security, said facilities being under the control of Director Wall. See Plaintiff's complaint ¶ 8. Plaintiff alleges that on June 30, 2005, he was placed in segregation; that on July 8, 2005, formal disciplinary charges were brought against him; that on July 11, 2005, a discipline hearing was held at Medium Security by Defendant Viveiros, and that sanctions were imposed against him. Plaintiff alleges that there was no substantive evidence produced to substantiate the charges of assault against him. Plaintiff alleges that Investigator Forgue allowed the Plaintiff to provide information relative to the charge. Plaintiff alleges that the Defendants actions violated his First, Eighth and Fourteenth Amendment rights under the United States Constitution and seeks declaratory, as well as injunctive relief and compensatory damages.

## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. **Connolly v. Gibson**, 355 U. S. 41, 45-46 (1957). See also **Ferrante v. Moran**, 618 F.2d 888-890 (1st. Cir. 1980). In making that determination, the complaint should be construed in the light most favorable to the Plaintiff. **Scheur v. Rhodes**, 416 U. S. 232, 236 (1974); **Dartmouth Review v. Dartmouth College**, 889 F.2d 13-16 (1st. Cir. 1989). Every doubt should be resolved in a way most beneficial to the Plaintiff. **Klimas v. International Telephone and Telegraph Corporation**, 297 F. Supp. 937, 938 n. 2 (D.R.I. 1969). All well-pleaded allegations of the Plaintiff's complaint should be accepted as true. **Miree v. DeKalb County**, 433 U. S. 25, 27 n.2 (1977). That is particularly true when the complaint is filed by a pro se litigant, whose pleadings are held to a somewhat less-stringent standard than those drafted by lawyers. **Haines v. Kerner**, 404 U. S. 519 (1972).

Plaintiff's complaint as asserted against A. T. Wall should be dismissed in light of the fact that it is sparse. The complaint does not set forth any factual basis against Defendant Wall. See Federal Rule of Civil Procedure 8(a) (requiring a short plain statement of the claim showing that the pleader is entitled to relief). There is no factual claim alleged against Defendant Wall except that said Defendant is in control of the Minimum and Medium Security facilities as Director of the ACI. The complaint fails to make any causal connection between Plaintiff's alleged injuries and Defendant Wall's actions. Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright

vituperation, nor to honor subjective characterizations, optimistic predictions or problematic suppositions." **United States v. Avx Corp**., 962 F.2d 108, 115 (1[st.] Cir. 1992). Plaintiff can prove no set of facts against Defendant Wall, and accordingly, the instant complaint should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,

/S/ Michael B. Grant

______________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864