UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEILON BRIGGS :
:
v. : C.A. No. 06-467T
:
A.T. WALL :

**SCHEDULING ORDER**

On October 18, 2007, a telephonic scheduling conference was held pursuant to Fed. R. Civ. P. 16. Plaintiff Keilon Briggs, an inmate at the ACI, initiated this action on October 26, 2006 by filing a pro se Complaint pursuant to 42 U.S.C. § 1983 challenging a prison disciplinary proceeding and its resulting punishment. Plaintiff's Complaint names the following four Defendants:

1. A.T. Wall, the Director of the Rhode Island Department of Corrections, in his individual capacity;

2. Jack Gadsen, ACI Assistant Director, in his individual capacity;

3. Lieutenant Viveiros, a former Day Captain at the Minimum Security facility, in his individual capacity; and

4. Joseph Forgue, an ACI Investigator, in his individual capacity.

Defendant A.T.Wall is the only Defendant who has answered and appeared in this case. It is unclear whether Defendant Wall was served in compliance with Fed. R. Civ. P. 4 or if he waived service. Plaintiff has not filed proof of service pursuant to Fed. R. Civ. P. 4(l) as to any of the Defendants, and, during the conference, conceded that he had not been able to serve Defendants. The 120-day period for service under Fed. R. Civ. P. 4(m) expired several months ago.

The only factual allegation in Plaintiff's Complaint related to Defendant Wall is that the ACI Medium and Minimum Security facilities are "under [his] control." Defendant Wall has moved to dismiss Plaintiff's Complaint because it draws no connection between Plaintiff's alleged injuries and any actions by Defendant Wall. See Monell v. Dep't of Social Servs., 436 U.S. 658, 692-694 (1978) (holding that respondeat superior liability is not available in Section 1983 cases). In view of the limited allegations directed at Defendant Wall (the only Defendant served and before the Court) and the fact that he has moved to dismiss under Fed. R. Civ. P. 12(b)(6), discovery in this matter is stayed pending a decision on such motion. If the motion to dismiss is denied, the Court should then set a period for discovery as to any viable claims made by Plaintiff against Defendant Wall.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 19, 2007