UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEILON BRIGGS | : | |
| | : | |
| v. | : | C.A. No. 06-467T |
| | : | |
| A.T. WALL | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Keilon Briggs, an inmate at the ACI, initiated this action on October 26, 2006 by filing a pro se Complaint pursuant to 42 U.S.C. § 1983 challenging a prison disciplinary proceeding and its resulting punishment. Plaintiff's Complaint names the following four Defendants:

1. A.T. Wall, the Director of the Rhode Island Department of Corrections, in his individual capacity;

2. Jack Gadsen, ACI Assistant Director, in his individual capacity;

3. Lieutenant Viveiros, a former Day Captain at the Minimum Security facility, in his individual capacity; and

4. Joseph Forgue, an ACI Investigator, in his individual capacity.

Defendant A.T.Wall is the only Defendant who has answered and appeared in this case. Plaintiff has not filed proof of service pursuant to Fed. R. Civ. P. 4(l) as to any of the Defendants, and, during a recent Rule 16 conference, conceded that he had not been able to serve Defendants. The 120-day period for service under Fed. R. Civ. P. 4(m) expired several months ago.

Defendant Wall has moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Document No. 9). That Motion has been referred to me for report and recommendation. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. The only factual allegation in Plaintiff's Complaint related

to Defendant Wall is that the ACI Medium and Minimum Security facilities are "under [his] control." Defendant Wall has moved to dismiss Plaintiff's Complaint because it draws no connection between Plaintiff's alleged injuries and any actions by Defendant Wall. Defendant Wall's argument has merit. See Monell v. Dep't of Social Servs., 436 U.S. 658, 692-694 (1978) (holding that respondeat superior liability is not available in Section 1983 cases).

In addition, Plaintiff has not filed an objection or opposition to Defendant Wall's Motion as required by this Court's Local Rules. See LR Cv 7(b)(1). See also Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994) ("Valid local rules are an important vehicle by which courts operate...and [ ] are binding upon the litigants...."). During the October 18, 2007 Rule 16 conference, Defendant Wall's counsel informed both Plaintiff and the Court that he intended to file this Motion to Dismiss and the grounds for the Motion. Defendant Wall's counsel also certified that a copy of the Motion to Dismiss and accompanying Memorandum were served on Plaintiff. Plaintiff's response was due November 5, 2007, but never filed. Thus, Defendant Wall's Motion to Dismiss is unopposed.

**Conclusion**

For the reasons discussed above, I recommend that the District Court GRANT Defendant Wall's Motion to Dismiss (Document No. 9) and enter final judgment in favor of Defendant Wall and against Plaintiff on all claims in his Complaint. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the

District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 20, 2007